IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

*In Re*: **The Unsettled Legal Federal
Removals Issues Raised by
WALTER J. BRZOWSKI,
No. M-29120,**

**Petitioner,**               **Case No. 15-cv-292-DRH**

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On March 16, 2015, petitioner Brzowski, who is a state prisoner in the custody of the Illinois Department of Corrections ("IDOC"), filed this *pro se* petition. He seeks a "declaratory opinion" from this Court regarding what he claims are "unresolved" issues of law he raised in two actions filed in the Federal District Court for the Northern District of Illinois in 2002 and 2003, which were quickly dismissed. See *Brzowski v. Brzowski*, Case No. 02-C-6219 (N.D. Ill. filed August 30, 2002); *Brzowski v. Brzowski*, Case No. 03-C-2685 (N.D. Ill filed April 22, 2003). In both cases, petitioner sought to have his divorce case, filed in Cook County, Illinois (*L. Brzowski v. W. Brzowski*, Case No. 01-D-14335) removed to the Northern District.

This matter is now before the Court on petitioner's motion for leave to

proceed *in forma pauperis*, *i.e.*, without pre-paying the filing fee (Doc. 3).[1]

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* ("IFP") or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Brzowski's affidavit that he is indigent. However, after carefully reviewing the petition and attachments, the Court is unable to detect a non-frivolous claim for relief.

**<u>The Petition</u>**

---

[1] Plaintiff was given his third "strike" by this Court when his recent action, *Brzowski v. Ill. Dept. of Corr.*, Case No. 15-cv-173-SMY, was dismissed on March 16, 2015, for failure to state a claim (Doc. 10 in that case). Plaintiff's "struck out" status does not prevent him from proceeding IFP in this case, however, because the instant case was filed on the same day his strike was assessed. 28 U.S.C. § 1915(g) restricts a prisoner from proceeding IFP if he has incurred strikes "on 3 or more prior occasions," thus, the Court shall not deny him leave to proceed IFP in this matter on the basis of this latest strike.

Brzowski argues that from the dates when he filed the removal cases referenced above in the Northern District, all subsequent judicial acts taken in the Cook County divorce case were nullified and improper (Doc. 1, pp. 1-2). He claims that under the federal removal statute, 28 U.S.C. § 1446(d), the Cook County domestic relations court lost subject-matter jurisdiction over the divorce case, until such time as the Northern District complied with 28 U.S.C. § 1447(c) to restore the state court's jurisdiction. He now wants this Court to resolve this "unsettled issue of law" regarding the validity of the state court's orders in light of the Northern District's disposition of his cases (Doc. 1, p. 2).

Brzowski asserts that after September 4, 2002 (the date he says he filed N.D. Ill. Case No. 02-C-6219), or at least between the dates of April 22, 2003, to June 23, 2005 (during which he states Case No. 03-C-2685 was pending in the Northern District), the Cook County domestic relations court lacked subject-matter jurisdiction to adjudicate his divorce case. Therefore, all judicial acts by the state court during the above time frames were void. This matter allegedly affects his constitutional due process rights because this "unsettled" issue has never been resolved. In an attached legal memorandum, he argues that the judgment of dissolution of marriage issued in Cook County on May 20, 2003, is void, as are two *ex parte* orders of protection issued on May 20, 2003, and April 29, 2005 (Doc. 1, p. 13).

**<u>Litigation History</u>**

The first case filed by petitioner in the Northern District, No. 02-C-6219,

was dismissed on September 9, 2002, because it failed to state a valid federal cause of action, and violated the Rooker-Feldman doctrine (Doc. 6 in 02-C-6219). Under the Rooker-Feldman doctrine, a lower federal court does not have jurisdiction to review decisions of state courts. *See Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry"). He was advised that if he wished to challenge the state court's action, he must file an appeal in the Illinois Appellate Court.

Petitioner did not file a timely appeal from the dismissal of the Northern District case. However, starting in December 2007, he made several attempts to reopen the matter to obtain a declaratory judgment and an in-person hearing, all of which were denied. His appeals from those orders were likewise unsuccessful. He was denied leave to appeal *in forma pauperis* on December 19, 2008, with the district court commenting, "This Court has no jurisdiction despite Mr. Brzowski's multi-year effort to remove his divorce/custody proceedings to federal court." (Doc. 51, Case No. 02-C-6219).

On April 22, 2003, petitioner filed the second case he references herein, *Brzowski v. Brzowski*, Case No. 03-C-2685 (N. D. Ill.). This time, his complaint included allegations that the state court judge had violated his constitutional rights. He also filed what "appears to be" a petition for removal of the divorce case to federal court (Doc. 8 in Case No. 03-C-2685). He sought an injunction against the state court proceedings, a declaratory judgment that the state court

had violated his rights, and an order rendering the state court's orders and judgments void. *Id*. On May 5, 2003, the Northern District dismissed the case for lack of subject-matter jurisdiction, again invoking the Rooker-Feldman doctrine. *Id*. As with the prior federal case, petitioner did not file an appeal of the district court's order.

Nearly two years later, on April 18, 2005, petitioner filed a motion to remand the case back to state court (Doc. 10, Case No. 03-C-2685). The motion was granted on April 28, 2005 (Doc. 12, Case No. 03-C-2685). Over the ensuing three years, petitioner made several other attempts in that case to seek a writ of mandamus or other relief. His requests were denied, again, because the Northern District found it had no jurisdiction to grant relief (Docs. 16, 18, 20, Case No. 03-C-2685).

Petitioner's extensive, frivolous, and vexatious litigation activity in the Northern District in relation to his divorce case and the state court orders of protection issued against him, is summarized in that court's orders restricting him from filing any new cases in the Northern District. *In re: Walter J. Brzowski*, Case No. 07-C-5613 (N.D. Ill.) (*See* Docs. 1, 33, 68, and 75). As the court explained, petitioner's state court divorce case was never effectively removed to federal court, because in the 2002 and 2003 cases referenced above, he never paid the filing fee and his petition to proceed IFP was denied. (Doc. 33 in Case No. 07-C-5613). As of May 13, 2014, the Northern District's filing restriction against petitioner was extended for another 12 months (Doc. 75 in Case No. 07-C-

5613).

**Discussion**

Plaintiff's claims in the instant action have been repeatedly presented to the Northern District, which has found them to be frivolous. That court determined that under the Rooker-Feldman doctrine, it had no jurisdiction to review the state court's actions. Unsatisfied with that outcome, petitioner has now brought his claims to this District Court. He wants another bite at the apple by asking this Court to review the same matters on which the Northern District has already spoken, concluding that it is without jurisdiction to address. In essence, his petition is a direct challenge to the rulings of the Northern District in his previous actions there. In his prayer for relief, he asks the Court to:

> properly, and correctly offer a persuasive: "Declaratory Opinion" that addresses, and adjudicates this single, exclusive, pending <u>unresolved</u> "issue of law" carried over from the collateral U.S. Northern Dist. Courts of the two prior Fed. Removal Cases, and their dire jurisdictional effects against State Cook Co. Court's jurisdiction upon case number #01-D-14335, since Sept. 4, 2002, pursuant to #28 U.S.C. § 1446(d) et seq.

(Doc. 1, p. 4) (punctuation and emphasis in original). Such a request is frivolous, because a federal district court has no authority to sit in review of the actions of a sister district court in a civil case such as this. Petitioner may seek review of the district court's orders in his previous cases only in the United States Court of Appeals. *See* FED. R. APP. P. 3.

Moreover, this Court has no jurisdiction to issue a declaratory judgment as

to the validity of the Cook County domestic relations judgment or orders in light of the alleged removal to federal court. As noted above, a federal district court does not have jurisdiction to review decisions of state courts in civil cases, under the Rooker-Feldman doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). While federal courts have authority to issue declaratory judgments where there is an actual case or controversy, *see Deveraux v. The City of Chicago*, 14 F.3d 328, 330-31 (7th Cir. 1994), the declaratory judgment act (28 U.S.C. § 2201-02) does not confer subject matter jurisdiction. *Lawline v. ABA*, 956 F.2d 1378, 1387 (7th Cir. 1992) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)). Thus, this Court has no jurisdiction to consider Brzowski's request for a declaratory opinion on the validity of the Cook County judgment of dissolution of marriage and/or orders of protection. The petition thus fails to state a claim upon which relief may be granted.

## Disposition

For the above reasons, the Court **DENIES** petitioner's motion for leave to proceed *in forma pauperis* (Doc. 3), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) **with prejudice** because it is frivolous and fails to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

A prisoner incurs the obligation to pay the filing fee for a civil lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the action or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Petitioner's filing fee of $400.00 thus remains due and payable. A separate order shall be entered directing the prison trust fund officer to collect the fee from Brzowski's inmate trust fund account in accordance with the formula in § 1915(b). *See Newlin*, 123 F.3d at 434.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, because petitioner has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. A timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2]

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2015.04.12 06:35:58 -05'00'

**United States District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).