## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WALTER J. BRZOWSKI** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CV-292-SMY** |
| | ) | |
| **UNSETTLED LEGAL FEDERAL** | ) | |
| **REMOVAL ISSUES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Petitioner Walter J. Brzowski's  Motion for Leave to Appeal *in forma pauperis* ("IFP") (Doc. 58).  Petitioner's Motion to Vacate the Court's Orders entered April 13, 2015 and September 19, 2016 (Doc. 49) was denied on June 15, 2020.  (Doc. 51).  He filed an appeal challenging the June 15, 2020 Order (Doc. 52) and now wishes to appeal *in forma pauperis.*

Petitioner was an inmate of the Illinois Department of Corrections at the time he filed this action in 2015 seeking a "declaratory opinion" reviewing decisions by the United States District Court for the Northern District of Illinois.  (Doc. 1, pp. 1-8).  This Court screened his Petition and dismissed it as frivolous.  (Doc. 6).  Petitioner tried several methods to revive the case (Docs. 8, 9, 11, 13, 15, 16 and 20), each of which were denied (Docs. 14 and 21).  He eventually filed an appeal that was dismissed for failure to pay the appellate filing fee.  (Doc. 32).  The Seventh Circuit Court of Appeals specifically ordered the Clerk of this Court to collect the $505 appellate fee from Petitioner's prisoner trust account (Doc. 32-1) and this Court entered an Order to that effect. (Doc. 33).  Petitioner subsequently moved to vacate that Order, was denied, appealed and had that appeal dismissed for failure to pay the appellate filing fee.  (Docs. 34, 37-39, 47).  On both appeals,

Petitioner sought IFP status and was refused because the appeals were frivolous.  (Docs. 27 and 45).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a).  An appeal is taken in good faith if "… a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively."  *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

Petitioner appears to meet the standard for indigency, but the appeal is not taken in good faith.  No reasonable person could suppose this appeal to have any merit.  Petitioner essentially recites the chain of supposed error going back to 2002 and claims that he has been denied his First Amendment and Due Process rights to vindicate his position.  The Court was not required to hold a hearing on a plainly meritless motion.  Petitioner's original position was frivolous when he pursued it in the Northern District of Illinois.  It was frivolous for him to bring the present case attempting to have this Court sit in review of the Northern District's rulings.  It was frivolous to attempt to have orders vacated after four and five years and after his appeal of those orders had been dismissed.  Petitioner's appeal of those attempts remains frivolous.

Accordingly, the Court **DENIES** the request for leave to proceed IFP on appeal and **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith. Petitioner is **ADVISED** that if he wishes to contest this Court's finding that the appeal is not taken in good faith, he must reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on his appeal within ***30 days*** from the date of this Order. *See* Fed. R. App. P. 24(a). The

Clerk of Court is **DIRECTED** to forward a copy of this Order to the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATED:  July 23, 2020**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**